UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RANDALL D. HUNT,
   Plaintiff,

vs.  No. 06-1166,

RICHARD BROCK,
   Defendant

CASE MANAGEMENT ORDER

This cause is before the court for consideration of the defendant's motion to dismiss the complaint [d/e 13] and the defendant's motion for an extension of time to file an answer to the complaint. [d/e 15].

The plaintiff, Randall Hunt, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Tazewell County Jail. Specifically, the plaintiff alleges that Defendant Richard Brock violated his Eighth Amendment rights when Brock used excessive force against the plaintiff on August 24, 2005.

The defendant has now filed a motion to dismiss the complaint claiming the plaintiff has failed to exhaust his administrative remedies as required. The Prison Litigation Reform Act provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendant argues that the plaintiff must demonstrate that he has exhausted his administrative remedies. This is not correct. While exhaustion is certainly a requirement, a plaintiff need not plead exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Failure to exhaust is an affirmative defense, and therefore it is the **defendant's** burden to plead and prove exhaustion. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002).

The court notes that a plaintiff can plead himself out of court if it is clear from the face of the complaint that the plaintiff failed to exhaust his administrative remedies. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1977). However, this is not the case before the court. In his complaint, the plaintiff states:

1

> The matter from which claim arises originated at a county level detention center; thereby, exists outsides the grievance procedures afforded at state detention facilities. (Comp., p. 3)

The plaintiff would still have to exhaust his administrative remedies at the county jail. Nonetheless, there is no evidence before the court that the Tazewell County Jail had an established grievance procedure, nor that the plaintiff failed to follow that procedure.

The motion to dismiss is denied. The defendant is correct that failure to exhaust is an issue that should be addressed sooner rather than later. Therefore, if the defendant has evidence that the plaintiff has not exhausted his administrative remedies, he must file a well-supported motion for summary judgement on this issue. The motion should include an affidavit from someone with knowledge of any grievance procedure at the jail and information and exhibits concerning any efforts made by the plaintiff to exhaust his administrative remedies. Since the court has already expedited the scheduling deadlines in this case, the defendants may include this argument in the September 14, 2009 dispositive motion deadline.

**IT IS THEREFORE ORDERED THAT:**

**1) The defendant's motion to dismiss the complaint is denied. [d/e 13]**

**2) The defendant's motion for an extension of time to file an answer to the complaint is granted. [d/e 15]. The defendant must file an answer on or before August 14, 2009. All other deadlines remain as set.**

Entered this 5th Day of August, 2009.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE